IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAUL SINKOVITZ,

        Plaintiff,

  v.                                     Civil Action 2:17-cv-256
                                          Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

MAUREEN O'CONNOR,

        Defendant.

**REPORT AND RECOMMENDATION**

    Plaintiff, a state prisoner currently incarcerated at the Southeastern Correctional Institution, brings this civil rights action under 42 U.S.C. § 1983, against Chief Justice Maureen O'Connor of the Ohio Supreme Court. Having conducted an initial screen of the Complaint, the Court concludes this action cannot proceed.

    I.    LEGAL STANDARD

    Because Plaintiff seeks redress from a governmental entity or officer or employee of a governmental entity, this Court must conduct an initial screen of the Complaint (Doc. 1-1). 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of the Complaint, if it determines that the Complaint or claim is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) ("[T]he allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers...."); *Thompson v. Kentucky*, 812 F.2d 1408, No.

86-5765, 1987 WL 36634, at *1 (6th Cir. 1987) ("Although *pro se* complaints are to be construed liberally, they still must set forth a cognizable federal claim." (citation omitted)). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

## II. DISCUSSION

Plaintiff filed the Complaint on March 29, 2017, alleging that Chief Justice O'Connor violated his civil rights by declining to accept jurisdiction of his appeal. (Doc. 1 at 2–3). However, judicial immunity shields judges, and other public officers, "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Id.* at 11–12. Because those circumstances do not apply here, Chief Justice O'Connor is immune from Plaintiff's claim.

## III. CONCLUSION

Having performed an initial screen, for the reasons set forth above, it is recommended that Plaintiff's Complaint be **DISMISSED**. (Doc.1).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: March 31, 2017                    /s/ Kimberly A. Jolson
                                        KIMBERLY A. JOLSON
                                        UNITED STATES MAGISTRATE JUDGE