IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAUL SINKOVITZ, | Case No. 2:17-CV-256 |
| Plaintiff, | |
| v. | JUDGE ALGENON L. MARBLEY |
| MAUREEN O'CONNOR, | Magistrate Judge Jolson |
| Defendant. | |

## ORDER

This matter comes before the Court on the Magistrate Judge's March 31, 2017, **Report and Recommendation** (ECF No. 2), which recommended that Plaintiff's action under 42 U.S.C. § 1983 against Chief Justice Maureen O'Connor of the Ohio Supreme Court be dismissed. The Court hereby **ADOPTS** the Report and Recommendation based on the independent consideration of the analysis therein.

Plaintiff Paul Sinkovitz is a state prisoner currently incarcerated at the Southeastern Correctional Institution. In his March 29, 2017, Complaint, he argues that Chief Justice Maureen O'Connor of the Ohio Supreme Court violated his civil rights when the Ohio Supreme Court declined to accept jurisdiction over appeal of his case. (ECF No. 1 at 1-3). After an initial screening of the Complaint, the Magistrate Judge issued a Report and Recommendation concluding that Chief Justice O'Connor was immune from liability, *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982), and that the Complaint therefore should be dismissed because it failed to state a claim to relief that was plausible on its face. (ECF No. 2 at 1-3).

Mr. Sinkovitz then filed an objection to the Report and Recommendation. He appears to concede that Justice O'Connor is immune from civil liability, but asks that this Court instead construe his initial Complaint as a petition for writ of habeas corpus. (ECF No. 3).

This he cannot do, for at least three reasons. First, Mr. Sinkovitz's habeas claim may be procedurally barred because it was not raised in the initial Complaint but instead was first raised in an objection to the Report and Recommendation. The Sixth Circuit has held that "absent compelling reasons" a party may not "raise at the district court state new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000). Second, as a general principle, a plaintiff "may not pursue habeas corpus relief through a civil rights action." *Foster v. Hamilton Cty.*, No. 1:14-CV-642, 2014 WL 5343311, at *3 (S.D. Ohio Oct. 20, 2014). And finally, even if this Court were to ignore both procedural hurdles, the petition must nevertheless be dismissed under Rule 2(c) of the Rules Governing Section 2254 Proceedings. Rule 2(c) sets forth the formal procedure for filing a habeas petition with a district court. Among other things, the Rule requires that the petition "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," and "state the relief requested." 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c); *see also Flood v. Phillips*, 90 F. App'x 108, 113–14 (6th Cir. 2004). Mr. Sinkovitz's Complaint satisfies none of these requirements.

The Report and Recommendation (ECF No.2) is therefore **ADOPTED** and the matter is hereby **DISMISSED**. Because the matter is dismissed, Mr. Sinkovitz's later-in-time filed Motion for Relief from Imprisonment is **MOOT**. (ECF No. 5). The Clerk is **DIRECTED** to enter Final Judgment.

IT IS SO ORDERED.

                                            s/ Algenon L. Marbley
                                    ALGENON L. MARBLEY
                                    UNITED STATES DISTRICT JUDGE

DATED: March 28, 2018